IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INDEMNITY CO., | § § | |
| PLAINTIFF, | § § | |
| v. | § § | CASE NO. 6:19-CV-0040 |
| | § | |
| DAVIS IRON WORKS, INC.; DAVIS IRON WORKS, LTD.; AND BRANDON ROSE, | § § § | |
| DEFENDANTS. | § § | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes now, plaintiff The Cincinnati Indemnity Company and petitions this Court for a declaratory judgment, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, against Defendants Davis Iron Works, Inc.; Davis Iron Works, Ltd.; and Brandon Rose, and, in support thereof, respectfully shows the Court as follows:

**I.
PARTIES**

1. Plaintiff THE CINCINNATI INDEMNITY COMPANY ("CIC") is a foreign corporation formed under the laws of Ohio. Plaintiff CIC's principal place of business is 6200 S. Gilmore Road, Fairfield, Ohio 45014-5141. Pursuant to 28 U.S.C. § 1332(c)(1), plaintiff CIC is not a citizen of the State of Texas.

2. Defendant DAVIS IRON WORKS, INC. ("Davis") is a corporation organized and existing pursuant to the laws of the State of Texas with its principal place of business located at 224 North Hewitt Drive, Hewitt, Texas 76643.

3. Defendant DAVIS IRON WORKS, LTD. is a limited partnership organized and existing pursuant to the laws of the State of Texas. Its general partner was Davis Iron Works, Inc., which is/was a citizen of Texas, as set forth above.

4. Defendant BRANDON ROSE ("Rose") is an adult citizen and resident of Texas, residing in Waco, Texas.

## II.
## JURISDICTION

5. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because this declaratory judgment action arises out of an actual dispute or controversy in which the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6. This action is brought pursuant to 28 U.S.C. § 2201 in that there is an actual case or controversy regarding the existence and extent of any defense or indemnity obligations owed by CIC, as more fully set forth below.

## III.
## VENUE

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that the defendants reside and do business in this judicial district.

## IV.
## UNDERLYING LAWSUIT

8. This action relates to a civil action filed in the 170th Judicial District Court of McLennan County, Texas, *Rose v. Davis Iron Works, Inc., et al*, Cause No. 2014-2376-4 (the "Lawsuit"). The current live petition (the "Petition") filed in that civil action is attached hereto as **Exhibit A**.

9. The Petition names Davis as Rose's employer on the date in question. Davis seeks coverage for the claim under the policy issued by CIC to Davis Iron Works Operations, Ltd. ("Davis Ltd.") as the named insured. Coverage, if any, is available to Davis only as the general partner of Davis Ltd. and, as such, both entities are named herein.

10. According to the Petition, Rose was in the course and scope of his employment with Davis on July 13, 2016 when he was injured. (Exh. A at ¶ 8). Rose claims he was using an anglematic machine that was owned and "negligently maintained" by Davis when the machine became stuck, and a piece of metal "suddenly and without warning" shot out and struck Rose's left wrist. (*Id*. at ¶¶ 8-9).

11. The Petition claims that Davis was negligent. It also asserts that Davis was grossly negligent and seeks exemplary damages for the same. (*Id*. at ¶ VI).

12. In addition to the allegations in the pleadings, Rose was deposed on October 30, 2018 and testified that he was employed by Davis on the date in question. (*See* Exh. B, 11:22-12:4, 166:20-167:1). Relevant portions of his deposition are attached hereto and incorporated herein as though set forth at length as **Exhibit B**.

13. Rose confirmed that, at the time of incident, he was a part-time employee of Davis and signed an "Employee's Report of Injury Form" following the alleged injury. (*Id*. at 42:4-24).

## V.
## THE POLICY

14. CIC issued a policy of insurance (the "Policy") bearing Policy No. ENP 020 63 12 to Davis Ltd. as the named insured. The Policy, a copy of which (with premium information redacted) is attached hereto as **Exhibit C**, provides Commercial General Liability Coverage ("CGL") and Commercial Umbrella Liability Coverage ("Umbrella").

15. The Policy has a period of August 14, 2015 through August 14, 2016. Umbrella Coverage was added to the Policy effective January 22, 2016.

### A. The CGL Coverage and "Employers Liability" Exclusion

16. The insuring agreement of the CGL coverage part provides as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

 **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

17. The Policy defines "insured" for purposes of coverage as follows:

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

* * * *

 **b.** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to their duties as your managers.

18. Davis, as the general partner of Davis Ltd., contends that it qualifies as an "insured" under the above definition.

19. Rose asserts that Davis was negligent and grossly negligent on the date in question, as specifically set forth above, and is liable in its capacity as Rose's employer.

20. There is no coverage for these claims, however, based upon the "Employers Liability" exclusion contained within the CGL part of the Policy. That exclusion states:

**2. Exclusions**

This insurance does not apply to:

* * * *

**e. Employers Liability**

"Bodily injury" to:

(1)    An "employee" of the insured sustained in the "workplace";

(2)    An "employee" of the insured arising out of the performance of duties related to the conduct of the insured's business;…

This exclusion applies:

(1)    Whether the insured may be liable as an employer or in any other capacity; and

(2)    To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

21.    Because Rose pleads that Davis was his employer, the above exclusion bars coverage for the claims by Rose against Davis under the CGL part of the Policy.

**B.**    <u>**The Umbrella Coverage and "Employer's Liability" Exclusion**</u>

22.    The insuring agreement of the Umbrella coverage part provides as follows:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**A. Insuring Agreement**

5

> **1.** We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages for "bodily injury"…to which this insurance applies:
>
> > **a.** Which is in excess of the "underlying insurance"; or
> >
> > **b.** Which is either excluded or not insured by "underlying insurance."

23. The Policy defines "insured" for purposes of coverage as follows:

> **SECTION II – WHO IS AN INSURED**
>
> **1.** Except for liability arising out of the ownership, maintenance, occupancy or use of an "auto":
>
> > **a.** If you are designated in the Declarations as:
> >
> > \* \* \* \*
> >
> > **(2)** A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.

24. Davis, as the general partner of David Ltd., contends that it qualifies as an "insured" under the above definition.

25. There is no coverage for these claims, however, based upon the "Employer's Liability" exclusion, as modified by endorsement, contained within the Umbrella part of the Policy. That exclusion states:

> **EXCLUSION – EMPLOYER'S LIABILITY**
>
> This endorsement modifies insurance provided under the following:
>
> **COMMERCIAL UMBRELLA LIABILITY COVERAGE PART**
>
> **SECTION I – COVERAGE, B. Exclusions**…is modified as follows:

Exclusion **11. Employer's Liability Limitation**…is deleted and replaced by the following:

This insurance does not apply to:

Any liability arising from any injury to:

**a.** An "employee" of the insured sustained in the "workplace";

**b.** An "employee" of the insured arising out of the performance of duties related to the conduct of the insured's business;…

* * * *

This exclusion applies:

**a.** Whether the insured may be liable as an employer or in any other capacity; and

**b.** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

26. Because Rose pleads that Davis was his employer, the above exclusion bars coverage for the claims by Rose against Davis under the Umbrella part of the Policy.

### C.  Neither Policy Form Provides Coverage for Punitive Damages

27. Even if the Policy provided coverage for the claims asserted by Rose against Davis, which is specifically denied, the Policy forms do not provide coverage for any award of punitive damages.

28. Punitive damages are not insurable under the circumstances presented in this case because it would be against the public policy of Texas.

### VI.
### DECLARATIONS SOUGHT

29. CIC incorporates by reference paragraphs 1 through 28 above as if each were fully set forth at length herein.

30. Rose asserts in his Petition that he was acting in the course and scope of his employment with Davis when the incident occurred.

31. Because he pleads that Davis was his employer, and based upon the "Employers Liability" exclusion in the CGL coverage part, CIC owes no duty to defend or indemnify Rose's claims against Davis.

**WHEREFORE,** plaintiff CIC respectfully requests that this Court enter a Judgment declaring that CIC has no duty under the CGL part of the Policy to defend or indemnify Davis for the claims asserted in Rose's Petition.

## VII.
## DECLARATIONS SOUGHT

32. CIC incorporates by reference paragraphs 1 through 31 above as if each were fully set forth at length herein.

33. Rose asserts in his Petition that he was acting in the course and scope of his employment with Davis when the incident occurred.

34. Because he pleads that Davis was his employer, and based upon the "Employer's Liability" exclusion, CIC owes no duty to defend or indemnify Rose's claims against Davis under the Umbrella coverage part of the Policy.

**WHEREFORE,** plaintiff CIC respectfully requests that this Court enter a Judgment declaring that CIC has no duty under the Umbrella coverage part to defend or indemnify Davis for the claims asserted in Rose's Petition.

## VIII.
## DECLARATIONS SOUGHT

35. CIC incorporates by reference paragraphs 1 through 34 above as if each were fully set forth at length herein.

36. Rose asserts in his Petition that Davis acted grossly negligent on the date in question.

37. Even if Rose's claims were covered by the CIC Policy, which is denied, the Policy forms do not provide coverage for any punitive damages awarded because insuring such damages would violate the public policy of Texas`

**WHEREFORE,** plaintiff CIC respectfully requests that this Court enter a Judgment declaring that CIC has no duty under its Policy to provide coverage for punitive damages, if any, that may be awarded to Rose.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN, PC**

By: */s/ Donald A. Waltz*
Donald A. Waltz
State Bar No. 24048061
Ashley Veitenheimer
State Bar No. 24053356
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas  75201
Phone: 214.777.4200
Fax:  24.777.4299
dwaltz@krcl.com
aveitenheimer@krcl.com

**ATTORNEYS FOR PLAINTIFF THE CINCINNATI INDEMNITY COMPANY**